# IN RE REISCH BREWING COMPANY.

---

TRADEMARKS; RESEMBLANCE.

1. Registration of an alleged trademark for beer, consisting of the representation of a top, with the words "Gold Top" and the figure of a peacock with outspread tail, both printed upon the top, is properly denied by the Commissioner of Patents on the grounds of its similarity to a mark already registered, consisting of the picture of a peacock, with the words "Ye Peacock Ale" immediately above.

2. An applicant succeeding to a trademark previously registered by its predecessor has a right to vend its goods thereunder, but it has therein no such vested right as will entitle it to so change the mark as to make it conflict with one which is already in use at the time of the change, and which did not conflict with the prior registration.

No. 789. Patent Appeals. Submitted November 13, 1912. Decided December 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for the registration of a trademark. *Affirmed.*

The facts are stated in the opinion.

*Mr. E. G. Siggers* for the appellant.

*Mr. W. S. Ruckman* for the Commissioner of Patents.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Commissioner of Patents refusing to register an alleged trademark for beer, consisting of a representation of a top upon which prominently appears the picture of a peacock with outstretched tail, the words "Gold Top" appearing above the picture.

Appellant the Reisch Brewing Company in its application, avers use of this mark since January 1, 1903. It is the successor of F. Reisch & Brothers, who, on January 3, 1903, registered for use as a trademark the figure of a beer bottle, a shower of beer spouting therefrom, and the words "Bimini" just above and "Fountain of Youth' just below. The bottle label also contains the word "Bimini." Combined with the bottle is the capital letter "R," and a bird, described as a peacock, is perched upon the lower horizontal stroke of the letter. The bird of that mark, while given a somewhat prominent position therein, is not a dominating feature. On December 15, 1896, there was registered to Thomas McMullen & Company, of New York, as a trademark, the word "Peacock," or a picture of a peacock, with the words "Ye Peacock Ale" immediately above. It is hardly necessary to suggest that in this mark the peacock is a dominating feature. It is evident that the users of the mark intended that the goods upon which it was used should be known as peacock goods. In fact, they are so designated in the mark itself. This mark the Patent Office evidently found not to conflict with the registration of 1893 of F. Reisch & Brothers.

The mark which appellant now seeks to register clearly conflicts with the McMullen mark, as the dominent feature of each is a peacock. Notwithstanding this, appellant says "it has a vested right to the use of the peacock," because of said registration in 1893 of its predecessor, to which it has succeeded. This contention is too broad. It undoubtedly has the right, as against McMullen & Company, to vend its goods under the mark registered by its predecessor, but it has no right so to change it that it will conflict with a mark which was in use at the time of the change, and which did not conflict with the prior registration. The decision is affirmed. *Affirmed.*